**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Michael D. Stafford, | Case No. 2:24-cv-01056-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Mandalay Bay LLC, | |
| Defendant. | |

Before the Court is pro se Plaintiff Michael D. Stafford's application to proceed *in forma pauperis* (ECF No. 1), motion for appointment of counsel (ECF No. 3), and motion to file electronically (ECF No. 6).  Because Plaintiff's application to proceed *in forma pauperis* is missing certain information, the Court denies it without prejudice.  Because Plaintiff has not demonstrated extraordinary circumstances at this stage, the Court denies his motion for appointment of counsel without prejudice.  Because Plaintiff claims to have access to the items necessary to file electronically, the Court grants his motion to file electronically.

**I.    *In forma pauperis* application.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."  The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status."  *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).  An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life.  *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed in forma pauperis because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Here, Plaintiff's application is not detailed enough for the Court to determine whether Plaintiff qualifies to proceed *in forma pauperis*. Although Plaintiff completed the application, the information Plaintiff provided does not demonstrate with particularity, definiteness, or certainty that Plaintiff lacks the financial resources to pay the filing fee. On his application, Plaintiff claims to make no money from any source. In response to the questions asking whether he owns items of value and whether he has any dependents, Plaintiff writes "N/A." Plaintiff lists his student loans as his only regular monthly expenses, but does not list how much he pays each month. He also lists his auto loan payment as his only debt. However, on the docket, Plaintiff includes a telephone number and the Court takes judicial notice that the address he lists is a P.O. Box, suggesting a possible phone bill and bill to use the P.O. Box. Yet Plaintiff does not provide any details in the application regarding how or if he pays these bills, how or if he pays rent, how or if he pays any other utilities or bills, or how he lives considering his claim to have no money and only student loan debt and an auto loan payment. The scarcity of information on Plaintiff's application in connection with unexplained possible bills suggests that Plaintiff may have further information relevant to the Court's decision that he did not disclose. The Court finds that

Plaintiff describes his poverty, but not with the definiteness with which the Court can verify that he is unable to pay the filing fee. As a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.

The Court will give Plaintiff another opportunity to file a complete *in forma pauperis* application on this Court's Short Form application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

## II. Motion for appointment of counsel.

Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Id.* Neither factor is dispositive, and both must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff has not shown exceptional circumstances for the appointment of counsel. It is not clear that Plaintiff's complaint will succeed on the merits because it has not passed screening. Additionally, Plaintiff's only argument regarding the difficulty that he has had pursuing this case is his financial situation and because he asserts his case is important. But these issues are true of every indigent litigant seeking counsel. And Plaintiff's case has not proceeded to the screening stage for the Court to determine if he is able to articulate his claims. The Court thus denies his motion for appointment of counsel.

### III. Motion for leave to file electronically.

Under Local Rule IC 2-1(b), a *pro se* litigant may request the court's authorization to register as a filer in a specific case. Plaintiff asserts that he has access to a word processing program. Because the Court finds that Plaintiff is capable of filing electronically, it grants the motion. (ECF No. 6).

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **July 25, 2024** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** Plaintiff's motion to file electronically (ECF No. 6) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff must: (1) obtain a PACER account; (2) be familiar with the Local Rules for the Electronic Filing procedures in the District of Nevada; and (3) complete the e-filing registration for the District of Nevada through Manage PACER Account. Links to these items are available at https://www.nvd.uscourts.gov/e-filing-permission/.

DATED: June 25, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.