UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael Stafford,<br><br>    Plaintiff<br><br>v.<br><br>Mandalay Bay, LLC,<br><br>    Defendant | Case No.: 2:24-cv-01056-JAD-DJA<br><br>**Order Granting Defendant's Motion to Dismiss with Leave to Amend by December 9, 2024**<br><br>[ECF No. 17] |

    Michael Stafford sues his former employer, Mandalay Bay, LLC, for employment discrimination under Title VII of the Civil Rights Act of 1964.  Mandalay Bay briefly employed Stafford as a lifeguard before suspending and ultimately terminating him—a decision that he claims was racially motivated and inconsistent with the treatment of similarly situated coworkers.  Mandalay Bay moves to dismiss Stafford's suit under Federal Rule of Civil Procedure 12(b)(6), arguing that he hasn't alleged sufficient facts to state a Title VII claim.  Stafford opposes the motion and claims that Mandalay Bay is misrepresenting his allegations.  Because Stafford hasn't alleged sufficient facts to support a plausible Title VII claim, I grant Mandalay Bay's motion.  But I also grant Stafford leave to file an amended complaint by **December 9, 2024**, if he can cure the deficiencies in his claim.

**Background**[1]

Stafford was hired as a lifeguard by Mandalay Bay in June 2022.[2] He was suspended within a month and discharged the month after that.[3] Stafford, a Black man, believes that he was suspended and fired due to racial bias.[4] Although his complaint doesn't explain the catalyst of his suspension and termination, Stafford does state that other lifeguards assisted the same guest in a similar way and only he lost his job.[5] He claims that Mandalay Bay did nothing to investigate this possible disparate treatment when he reported his concerns.[6] Based on these allegations, Stafford asserts a single claim for Title VII employment discrimination.[7]

The incident leading to Stafford's termination isn't described in his complaint, but it is chronicled in the attached U.S. Equal Employment Opportunity Commission (EEOC) intake interview notes.[8] In that interview, Stafford explained that a boy remained in the Mandalay Bay "wave pool" after lifeguards had warned guests that the pools were closing.[9] As Stafford swam towards the child, a man identifying himself as the child's father told him to let the boy swim out of the pool by himself.[10] At this point, there were three other lifeguards trying to help the boy

---

[1] This is merely a summary of facts alleged in Stafford's complaint, ECF No. 12, and should not be construed as findings of fact.
[2] ECF No. 12 at 5.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.* at 3.
[8] *Id.* at 27–28.
[9] *Id.* at 27.
[10] *Id.*

2

out of the pool.[11] Stafford says he complied with the father's request by allowing the boy to swim out of the pool himself,[12] but he put a "rescue tube" on the child and swam near him until he was safely out of the water.[13] Stafford's manager, Janeli, later told him that he would be suspended for fighting with a guest.[14] Stafford claims there was no physical altercation or fight of any kind and that he raised his voice only because the child's father was about 50 yards away.[15]

Mandalay Bay asserts that Stafford's claim must be dismissed under Federal Rule of Civil Procedure (FRCP) 12(b)(6) because he doesn't allege facts showing disparate treatment of similarly situated employees outside of his protected class, emphasizing that Stafford seems to concede that the other lifeguards did not have similar interactions with the child's father.[16] Mandalay Bay also stresses that Stafford hasn't properly named a defendant in the body of his complaint.[17] Stafford opposes the motion, restating what he considers to be the "key facts" supporting his claim.[18]

---

[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.* at 28.
[15] *Id.*
[16] ECF No. 17 at 2, 6.
[17] *Id.* at 2.
[18] ECF No. 22.

**Discussion**

**A.     Stafford hasn't pled sufficient facts to support a plausible Title VII claim.**

When evaluating a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[19] Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[20] The plaintiff must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory," and a complaint that fails to meet this standard must be dismissed.[21] But the Supreme Court has consistently held that pro se pleadings are "to be liberally construed."[22] A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[23]

Under Title VII, it is unlawful for an employer to "discharge any individual [. . .] because of such individual's race."[24] To establish a prima facie case of racial discrimination under Title VII, a plaintiff must allege that he: (1) belongs to a class of persons protected by Title VII; (2)

---

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[21] *Id.*

[22] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted); *Sause v. Bauer*, 585 U.S. 957, 960 (2018).

[23] *Estelle*, 429 U.S at 106 (cleaned up).

[24] 42 U.S.C. § 2000e-2(a).

4

performed his job satisfactorily; (3) suffered an adverse employment action; and (4) was treated differently than a similarly situated employee who doesn't belong to the same protected class.[25]

Even under the liberal standards applied to pro se complaints, Stafford hasn't alleged sufficient facts to establish a prima facie case of employment discrimination. The second and fourth elements are where he falls short: his complaint lacks factual allegations showing that he performed satisfactorily as a lifeguard and that he was treated differently than similarly situated employees. To demonstrate that he acted appropriately when removing the child from the pool and in his subsequent interactions with the child's father, Stafford needs to explain the specifics of what happened during that incident and why his actions were an acceptable performance of his duties. Stafford must allege those facts in the complaint itself, not just by appending EEOC interview notes. And merely stating that other lifeguards "assisted a guest in the same manner" is not enough to establish that they were similarly situated, especially if they "didn't have the interaction [that Stafford] did with the father."[26] In short, Stafford must provide more detail and context from which the court can infer all four required elements of a Title VII claim.

**B.    Stafford must submit an amended complaint with improved factual support and correctly identified defendants if he wishes to proceed with this case.**

FRCP 15(a) advises that "leave [to amend] shall be freely given when justice so requires."[27] District courts consider the following factors to determine if leave to amend should be granted: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) whether the plaintiff has previously amended the complaint, and (5) futility of amendment.[28] But

---

[25] *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).
[26] ECF No. 12 at 5, 28.
[27] Fed. R. Civ. P. 15(a).
[28] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

absent "apparent or declared" futility, a factually supported showing of prejudice, or a heavy influence of the other factors, there is a strong presumption in favor of permitting amendment.[29] And the Ninth Circuit has a "longstanding rule that leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect,"[30] which it has noted is "particularly important for the pro se litigant."[31]

I am not yet convinced that Stafford can plead no set of facts that would entitle him to relief, so I grant him leave to file an amended complaint. Because Stafford's complaint is dismissed with leave to amend, his amended complaint will replace the original complaint and must be complete in itself.[32] He must file the amended complaint on this court's approved form, write the words "First Amended" above the words "Complaint for Employment Discrimination" in the caption, and follow the instructions on the form. If Stafford chooses to file an amended complaint, he must do so by December 9, 2024. If he does not file an amended complaint by this deadline, this case will be dismissed and closed without further notice.

If Stafford takes this opportunity to amend, he should also correct the identification of defendants in his complaint. The caption of Stafford's complaint identifies this matter as *Stafford v. Mandalay Bay, LLC*.[33] But the only defendant identified in the body of the complaint

---

[29] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[30] *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation omitted).

[31] *Id.* at 1131 (citation omitted).

[32] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[33] ECF No. 12 at 1.

is "Janeli."[34]  Janeli's surname and contact information are not provided,[35] but notes from the EEOC intake interview reveal that she was the manager that informed Stafford that he would be suspended.[36]  If Stafford chooses to file an amended complaint, the defendant or defendants identified in the body of the complaint must match the parties named in the caption.  Only persons or entities identified as defendants in the body of the amended complaint will be considered as the defendants in this case.

## Conclusion

IT IS THEREFORE ORDERED that Mandalay Bay's motion to dismiss **[ECF No. 17] is GRANTED**.  Stafford's complaint **[ECF No. 12] is dismissed** with leave to file an amended complaint by **December 9, 2024**.  If he fails to file a proper amended complaint by that deadline, this case will be dismissed and closed without further prior notice.

_____
U.S. District Judge Jennifer A. Dorsey
November 18, 2024

---

[34] *Id.* at 2.

[35] *Id.*

[36] *Id.* at 28.

7